**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ROB D. KLINGER,

           **Plaintiff,**                            **Case No. 2:12-cv-452
                                                      JUDGE GREGORY L. FROST**

      **v.**                                                           **Magistrate Judge Elizabeth P.
                                                      Deavers**

BOARD OF COUNTY COMMISSIONERS
LICKING COUNTY, OHIO,

           **Defendant.**

**OPINION AND ORDER**

     This matter is before the Court for consideration of Defendant's motion for judgment on the pleadings (ECF No. 4), Plaintiff's memorandum in opposition (ECF No. 7), and Defendant's reply (ECF No. 8).  For the reasons that follow, the Court **GRANTS** the motion.  (ECF No. 4.)

**I.  Background**

     The facts in this section, taken from Plaintiff's complaint (ECF No. 1), are assumed true for purposes of this Opinion and Order.

     Plaintiff is an individual and a former employee of Licking County, Ohio (the "County"). Defendant, the County Board of Commissioners, hired Plaintiff in 2001 as an Economic Development Manager.

     At or near the time of Plaintiff's hiring, Defendant agreed to give Plaintiff credit for seventeen years of prior federal service for purposes of calculating the rate at which his vacation and sick leave would accrue (the "Agreement").  The Agreement allowed Plaintiff to accrue leave time at a faster rate than he would have otherwise.  Defendant certified the Agreement

1

annually, and the County's payroll records reflected the Agreement for over ten years.

On May 18, 2011, representatives from the County Department of Human Resources and the County Prosecutor's Office informed Plaintiff that, if he did not resign immediately, Defendant would terminate his employment. The County representatives also informed Plaintiff that Defendant was refusing to pay $18,000 of Plaintiff's accrued but unused vacation time, purportedly because Defendant could not locate any evidence of the Agreement.[1] Plaintiff alleges that Defendant engaged in a scheme to destroy evidence of the Agreement.

At some point either following or during this meeting, Defendant indicated that it would terminate Plaintiff immediately if he did not agree to resign or retire in exchange for $3,000 of the $18,000 that he claimed he was owed. Plaintiff agreed to retire and accepted the $3,000.

Plaintiff filed a complaint with this Court on May 24, 2012. (ECF No. 1.) Plaintiff asserts a single claim for relief and alleges that Defendant violated the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution by "fail[ing] to give Plaintiff notice and an opportunity to be heard by a neutral decision-maker prior to imposing its decision not to compensate [Plaintiff] for $15,000 of his accrued but unused vacation pay." (ECF No. 1 ¶ 36).

Defendant answered the complaint on July 23, 2012.[2] (ECF No. 3.) Defendant now

_____

[1]Presumably, this amount represents the difference in compensation for vacation and sick leave that Plaintiff would have accrued with and without the Agreement.

[2]Defendant attached to its answer a Settlement and Release Agreement, signed by Plaintiff's attorney and the County, which states that "the parties mutually agree to release and forever discharge the other from any and every claim, demand, right, or cause of action of whatever kind or nature, arising, now or in the future, known or unknown, out of [Plaintiff's] employment with the County." (ECF No. 3-1, at 1.) Defendant does not mention the Settlement and Release Agreement in its motion to dismiss and does not argue that the Settlement and

moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(c).  (ECF No. 4.)

## II.  Standard

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A court must review motions made under Rule 12(c) in the same manner it would review a motion made under Rule 12(b)(6).  *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006).  Accordingly, to survive a motion for judgment on the pleadings, a complaint must provide fair notice of each claim and the grounds upon which it rests.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The complaint must also state a claim to relief that is plausible on its face.  *Id.*  A plaintiff's factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim.  *Id.* at 556.

In ruling on a Rule 12(b)(6) or Rule 12(c) motion, a court must construe the complaint in the light most favorable to the plaintiff and treat all well-pleaded allegations contained therein as true.  *Id*. at 555–56.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the court should dismiss the complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  Analysis

As an initial matter, the Court agrees with Defendant that 42 U.S.C. § 1983 is the appropriate method by which a plaintiff may seek to vindicate federal rights elsewhere

---

Release Agreement mandates dismissal of Plaintiff's claim.  The Court therefore will not consider the Settlement and Release Agreement in adjudicating Defendant's motion to dismiss.

conferred.  Defendant notes that the complaint is void of reference to § 1983 but does not suggest that this omission mandates dismissal of Plaintiff's complaint.  Defendant argues only the merits of Plaintiff's due process claim, which the Court will now consider.

The Due Process Clause of the Fourteenth Amendment forbids a state from depriving any person of life, liberty, or property without due process of law.[3]  U.S. Const. amend. XIV, § 1.  In order to state a due process claim, a plaintiff must demonstrate that: (1) he or she possessed a constitutionally protected property or liberty interest, and (2) the state deprived him or her of that interest without due process of law.  *Id.*; *Ramsey v. Bd. of Educ. of Whitley Cnty., Ky.*, 844 F.2d 1268, 1271 (6th Cir. 1988).  Plaintiff brings a procedural due process claim and argues that Defendant violated his right to due process by failing to provide a hearing before depriving him of $15,000.  Assuming *arguendo* that Plaintiff possessed a constitutionally protected property interest in the $15,000 at issue and that the County deprived him of that interest, the issue for this Court is whether the County was obligated to provide Plaintiff with a predeprivation hearing such that its failure to do so amounts to a constitutional violation.

It is well settled that "[n]ot every deprivation of liberty or property requires a predeprivation hearing or a federal remedy."  *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 829 (6th Cir. 2009); *see also Ramsey*, 844 F.2d at 1271.  The amount of process that a state must provide in each case depends on several factors, including "the importance of the interests at stake" and the options available for "postdeprivation review."  *Leary v. Daeschner*,

_____

[3]Plaintiff purports to bring his claim under the Fifth Amendment's Due Process Clause as well as the Fourteenth Amendment's Due Process Clause.  Because Plaintiff does not allege that any federal entity is involved in this case, the Court will not consider Plaintiff's Fifth Amendment claim and will consider Plaintiff's Fourteenth Amendment claim only.  *See Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000).

228 F.3d 729, 743 (6th Cir. 2000). Where a contract between a state and an individual creates the property interest in question, and a state breach of contract action is an adequate remedy for the alleged loss, a predeprivation hearing is not required and a constitutional due process claim does not lie. *Ramsey*, 844 F.2d at 1273–75.

*Ramsey v. Board of Education* is controlling authority and is directly on point. In *Ramsey*, a public schoolteacher in Kentucky alleged that the state deprived her of credit for 113 sick days at the time of her retirement. *Id.* at 1270. Kentucky law during the plaintiff's tenure granted teachers a certain amount of compensated sick leave per year but authorized local school boards to compensate retiring teachers for additional unused leave if the boards desired. *Id.* The school board in the plaintiff's district had not adopted a formal policy permitting teachers to accrue sick days in excess of the amount set by statute but had tracked the excess sick days over the course of each teacher's employment. *Id.* at 1270–71. The board eventually adopted a new policy regarding accumulated sick days and reduced the number of the plaintiff's accumulated sick days from 142 to 29. *Id.* at 1271. The plaintiff sued and argued that the board deprived her of property (i.e., credit for 113 sick days) without due process of law. *Id.*

The Sixth Circuit affirmed the district court's holding that the plaintiff could not maintain a due process claim. The court of appeals first noted that, where the property interest at issue is created in contract and the deprivation of that interest constitutes a breach of contract, the availability of a state breach of contract action *could* constitute sufficient process and foreclose the need for a predeprivation hearing. *Id.* at 1273. The issue turns on whether a breach of contract action is an adequate remedy for the loss at issue. *See id.*

The *Ramsey* plaintiff's interest in compensation for sick leave was created in contract;

thus, the Sixth Circuit considered whether a breach of contract claim was adequate to remedy her loss. *See id*. at 1273–74. The court noted that some losses of property—such as the loss of a tenured employment position—are neither easily defined nor easily compensated by a typical breach of contract action. *Id*. But the court found that "an employee deprived of a property interest in a specific benefit, term, or condition of employment, suffers a loss which is defined easily . . . and therefore, any interference with that interest is redressed adequately in a state breach of contract action." *Id*. at 1274. The *Ramsey* plaintiff's interest in her 113 sick days constituted a specific benefit that was easily defined. Accordingly, she could adequately remedy her loss through a state breach of contract action. *Id*.

The court of appeals concluded its opinion by considering additional factors such as "the risk of an erroneous deprivation caused by inadequate procedures designed to safeguard the interest" and the value that additional procedures might provide, both of which supported the conclusion that the plaintiff could not advance her due process claim. *Id*. at 1272, 1274. The court noted that "requiring the state to provide a hearing anytime it believed an adjustment in an employee's wages or employment benefits was necessary would constitute a great burden to the state and yield little more benefit to the employee than a suit for damages under state law would provide." *Id*.

The same analysis that the Sixth Circuit employed in *Ramsey* applies to Plaintiff's claim here. Just as the *Ramsey* plaintiff's interest in her employment benefits was created in contract, Plaintiff's interest in the $15,000 was similarly created by his employment relationship with the County. For purposes of this Opinion and Order, the Court must assume that Defendant agreed to give Plaintiff credit for his federal employment such that the $15,000 in compensation for

accumulated leave was incorporated—either expressly or impliedly—into Plaintiff's employment agreement. *Cf. id.* at 1272. Defendant's failure to pay the $15,000 to Plaintiff therefore could constitute a breach of Plaintiff's employment agreement.

The issue then becomes whether a state breach of contract action provides an adequate remedy for Plaintiff's loss. *Ramsey* dictates that the $15,000 at issue is a specific benefit of Plaintiff's employment agreement that is easily defined. *Id.* at 1274. Defendant's interference with that interest therefore "is redressed adequately in a state breach of contract action." *Id.* Plaintiff does not attempt to distinguish *Ramsey* on this point or otherwise explain why a state breach of contract action is inadequate to redress his loss in this case.

Along the same lines, Plaintiff does not explain what additional benefits a predeprivation hearing would have provided that a state breach of contract action would not also provide. Plaintiff therefore cannot show that the benefit of a predeprivation hearing would outweigh the County's burden in holding such a hearing for any employee that contested a specific benefit of his or her employment agreement. Plaintiff does not discuss the burden on the County or the risk of erroneous deprivation that a predeprivation hearing might have lessened.

Instead, Plaintiff attempts to distinguish *Ramsey* by arguing that his interest in the $15,000 is a "statutory entitlement" as opposed to a contractually-created property interest. The parties agree that an Ohio statute—similar to the Kentucky statute in *Ramsey*—defines the number of leave hours that an Ohio county must provide to its employees. *See* Ohio Rev. Code § 325.19(A).[4] Plaintiff does not allege or argue that Defendant violated § 325.19(A) by refusing

---

[4]Section 325.19(A) states, in relevant part:

Each full-time employee in the several offices and departments of the county service,

to compensate Plaintiff for leave time that the statute guarantees. Instead, Plaintiff cites Ohio Revised Code § 325.19(F) and argues that Ohio law permits the County to establish an "alternative schedule of vacation leave" for an employee and that, because the County agreed to allow Plaintiff's leave time to accrue at a faster rate than the rate guaranteed by statute, Plaintiff is statutorily entitled to compensation for leave time that accrued pursuant to that more favorable rate. Ohio Rev. Code § 325.19(F).[5] Plaintiff concludes that this case is unlike *Ramsey* because he bases his claim on "Defendant's official action, *pursuant to Ohio statute*" whereas the

---

including full-time hourly rate employees, after service of one year with the county or any political subdivision of the state, shall have earned and will be due upon the attainment of the first year of employment, and annually thereafter, eighty hours of vacation leave with full pay . . . A full-time county employee with eight or more years of service with the county or any political subdivision of the state shall have earned and is entitled to one hundred twenty hours of vacation leave with full pay. A full-time county employee with fifteen or more years of service with the county or any political subdivision of the state shall have earned and is entitled to one hundred sixty hours of vacation leave with full pay. A full-time county employee with twenty-five years of service with the county or any political subdivision of the state shall have earned and is entitled to two hundred hours of vacation leave with full pay.

[5]Section 325.19(F) states:

Notwithstanding this section or any other section of the Revised Code, any appointing authority of a county office, department, commission, board, or body may, upon notification to the board of county commissioners, establish alternative schedules of vacation leave and holidays for employees of the appointing authority for whom the state employment relations board has not established an appropriate bargaining unit pursuant to section 4117.06 of the Revised Code, as long as the alternative schedules are not inconsistent with the provisions of at least one collective bargaining agreement covering other employees of that appointing authority, if such an agreement exists. If no such collective bargaining agreement exists, an appointing authority, upon notification to the board of county commissioners, may establish an alternative schedule of vacation leave and holidays for its employees that does not diminish the vacation leave and holiday benefits granted by this section.

*Ramsey* plaintiff based her claim on a theory of implied contract. (ECF No. 7, at 8.)

In order to accept Plaintiff's argument, the Court would have to reach several conclusions regarding the applicability of § 325.19(F) to the facts of this case and the difference in required process when a state deprives an individual of a statutorily-created (as opposed to contractually-created) property interest. The Court need not reach these issues. Plaintiff mischaracterizes the nature of his interest in the $15,000 and fails to distinguish *Ramsey* from the facts of this case.

As stated above, similar to the *Ramsey* plaintiff, Plaintiff's interest in compensation for vacation and sick leave from the County exists by virtue of his contractual relationship with the County as a County employee. His employment agreement would, by default, incorporate certain benefits that are guaranteed by statute. *Cf. Ramsey*, 844 F.2d at 1270; *Pack v. O'Quinn*, 747 F. Supp. 358, 360 (E.D. Ky. 1990) ("Plaintiff was employed under a contract with a public body and, as such, any rights and obligations created by existing law and applicable statutory provisions are incorporated in the employment contract by operation of law."). Plaintiff claims that his employment agreement incorporated certain benefits that exceeded the benefits guaranteed by § 325.19(A). *Cf. Ramsey*, 844 F.2d at 1270. The fact that § 325.19(F) may have authorized Defendant to incorporate those enhanced benefits into Plaintiff's employment agreement does not, however, alter the contractual nature of Plaintiff's interest in those benefits. *See id.*; *see also Bacher v. City of N. Ridgeville*, No. 94-4338, 1996 U.S. App. LEXIS 14495, at *3–4 (6th Cir. May 14, 1996) (assuming that city employees had a property interest in certain insurance benefits provided by a city ordinance but finding that a state breach of contract action provided an adequate remedy for the deprivation of those benefits such that a predeprivation hearing was not required).

9

In short, Plaintiff cannot demonstrate that his interest in $15,000 of employment benefits is of a different nature than the *Ramsey* plaintiff's interest in 113 sick days. Without demonstrating that a breach of contract action is inadequate to remedy his alleged loss or that a predeprivation hearing would have provided some additional benefit that a breach of contract action would not also provide, Plaintiff cannot demonstrate that Defendant was required to provide "notice and an opportunity to be heard by a neutral decision maker prior to imposing its decision not to compensate [Plaintiff] for $15,000 of his accrued but unused vacation pay." (ECF No. 1 ¶ 36.) Plaintiff therefore fails to allege a due process violation.

## IV. Conclusion

The Court finds that Plaintiff fails to state a claim under the Due Process Clauses of the Fifth and/or Fourteenth Amendments to the United States Constitution. This Court therefore will not consider the parties' moot arguments regarding whether Plaintiff's asserted property interest is *de minimis*. The Court **GRANTS** Defendant's motion to dismiss. (ECF No. 4.)

The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**